DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
AMY TU QUYEN LE (Bar No. 341925)
amy.le@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

DAVID L. YOHAI (*pro hac vice* forthcoming)
david.yohai@weil.com
BLAKE J. STEINBERG (*pro hac vice* forthcoming)
blake.steinberg@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendant GANNETT CO., INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN WU and SABER KHAMOOSHI, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>GANNETT CO., INC.,<br><br>Defendant. | Case No.<br><br>(Removed from San Francisco Superior Court Case No. CGC-24-615921)<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

GANNETT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. § 1332, Defendant Gannett Co., Inc. ("Gannett") hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the County of San Francisco, California, to the United States District Court for the Northern District of California.

**OVERVIEW**

1. This lawsuit alleges that upon visiting the USA Today website, certain cookies are deposited on the website visitors' browsers, and that these cookies cause the website visitors' browsers to transmit the visitors' IP addresses to third parties. Compl. ¶¶ 36-51; First Amended Complaint ("FAC") ¶¶ 37-52.[1] In the initial Complaint, a single plaintiff, Ryan Wu, asserted claims for violation of the California Computer Data Access and Fraud Act (the "CDAFA"), Cal. Pen. Code § 502; violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 638.51; and invasion of privacy under the California Constitution on behalf of himself and a putative class of "[a]ll California residents who, while located within California at any time during the applicable limitations period preceding the original filing of the Complaint in this matter and through and including the date of resolution, accessed and viewed the USA Today website and had their IP addresses collected by and disclosed to the third-party trackers embedded in the USA today website." Compl. ¶ 64. The First Amended Complaint asserts the same theories and claims but added a second plaintiff, Saber Khamooshi. FAC ¶ 65.

2. As explained herein, there is federal jurisdiction over this case under the Class Action Fairness Act ("CAFA"), because the requirements of 28 U.S.C. §§ 1332(d) and 1453 are satisfied and no exception to CAFA's rules for removal to federal court applies.

**PROCEDURAL HISTORY**

3. On June 26, 2024, Plaintiff Ryan Wu filed a complaint in the Superior Court of the State of California, County of San Francisco, against Gannett. On July 23, 2024, Plaintiffs Ryan Wu and Saber Khamooshi filed their First Amended Complaint. Attached as **Exhibit A** is a true and correct copy of the original Complaint and Summons served upon Gannett in the Superior Court action, as well as the First Amended Complaint. Attached as **Exhibit B** is a true and correct copy of all other materials served upon Gannett in the Superior Court action.

---

[1] Regardless of whether the Court looks to the original Complaint or the First Amended Complaint for purposes of determining jurisdiction, there is jurisdiction in either case as set forth herein.

4. The Superior Court of the County of San Francisco is located within the Northern District of California. 28 U.S.C. § 84(a). Therefore, removal of Plaintiff's case to this Court is proper under 28 U.S.C. § 1441(a).

### TIMELINESS OF REMOVAL

5. 28 U.S.C. § 1446(b)(1) requires that a notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Gannett accepted service of the original Complaint on July 16, 2024. Singh Decl. ¶ 4. This Notice of Removal, filed on August 14, 2024, is therefore timely.

### THE COMPLAINT'S ALLEGATIONS

6. As explained above, Plaintiffs allege that upon visiting the USA Today website, certain cookies were deposited on website visitors' browsers, and that these cookies caused website visitors' browsers to transmit their IP addresses to third parties. Compl. ¶¶ 36-51; FAC ¶¶ 37-52. Plaintiffs allege that these technologies are utilized for marketing and advertising purposes. Compl. ¶¶ 33-34; FAC ¶¶ 34-35. Plaintiffs further contend that the transmissions occurring via these cookies occurred without website visitors' consent and without the authorization of a court order. Compl. ¶ 35; FAC ¶ 36.

7. Based on these allegations, Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class of "[a]ll California residents who accessed and viewed" USA Today's website in California "and had their IP address collected" "during the applicable limitations period preceding the filing of the original Complaint in this matter and through and including the date of resolution[.]" Compl. ¶ 64; FAC ¶ 65. The Complaint asserts claims for alleged violation of CDAFA § 502; CIPA § 638.51(a); and invasion of privacy under the California Constitution. Compl. ¶¶ 76-118; FAC ¶¶ 77-119.

8. The Complaint seeks statutory damages "of $5,000 per violation of CIPA under California Penal Code § 637.2[,]" pre- and post-judgment interest, attorney fees and litigation costs, and other damages and remedies. Compl. Prayer for Relief; FAC Prayer for Relief.

### BASIS FOR REMOVAL UNDER CAFA

9. CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff

class is a citizen of a State different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000. 28 U.S.C. § 1332(d). Each of these requirements is met here.

### A. The Class Claims Satisfy the Numerosity Requirement

10. Both the initial Complaint and the First Amended Complaint describe this case as a "class action" and seek relief on behalf of a putative class of "[a]ll California residents who accessed and viewed" USA Today's website in California "and had their IP address collected" by certain cookies. Compl. ¶ 64; FAC ¶ 65.

11. The proposed class is plausibly comprised of greater than 100 members given it purports to encompass all California residents who over the course of at least the year preceding the filing of the original Complaint (*i.e.*, June 26, 2023 through June 26, 2024) accessed and viewed the USA Today website. Compl. ¶ 64; FAC ¶ 65. Given the number of visits to the USA Today website from California during this period exceeded five thousand, the size of the putative class plausibly exceeds 100 individuals. Gosser Decl. ¶ 4. Accordingly, CAFA's numerosity requirement is satisfied here.

### B. The "Minimal Diversity" Requirement is Satisfied

12. Plaintiffs allege they are "residents of California." Compl. ¶ 8; FAC ¶ 8. They seek to represent a class of similarly situated individuals, exclusively in California. Compl. ¶ 64; FAC ¶ 65.

13. The Complaint names Gannett Co., Inc. as the sole defendant. Gannett is diverse from Plaintiffs. It maintains its principal place of business in Pittsford, New York and is incorporated in Delaware. *See* Gannett Co., Inc., Form 8-K (June 3, 2024), https://www.sec.gov/ix?doc=/Archives/edgar/data/1579684/000157968424000035/gci-20240603.htm.

14. Accordingly, the "minimal diversity" requirement under CAFA—*i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant"—is satisfied for purposes of removal. 28 U.S.C. § 1332(d)(2)(A).

15. This action does not fall within any of the exclusions in 28 U.S.C. §§ 1332(d) and 1446 because Gannett is not a citizen of the forum state of California.

### C. The Matter In Controversy Exceeds $5,000,000

16. While Gannett denies that Plaintiffs are entitled to recover any amount (let alone the "$5,000 per violation" to which they claim they are entitled), and denies that that the requirements for class certification could be satisfied in this case, the Complaint's allegations place over five million dollars ($5,000,000) at issue, exceeding the threshold for removal under CAFA.[2]  Compl. Prayer for Relief; FAC Prayer for Relief.  As explained above, the number of visits to the USA Today website from California exceeded five thousand in the year preceding the filing of the original Complaint.  Gosser Decl. ¶ 4.  Even if there were just two thousand (2,000) putative class members, there would be at least ten million dollars ($10,000,000) at issue, exceeding CAFA's five million ($5,000,000) threshold.

### D. No Exception to CAFA Removal Applies

17. No exception to removal under CAFA applies.

*   *   *

18. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

19. Counsel for Gannett certifies, pursuant to 28 U.S.C. § 1446(d), that Gannett will promptly give notice of filing of this Notice of Removal to Plaintiff through Plaintiff's counsel of record, and will promptly file with the Clerk of the Superior Court of the State of California, County of San Francisco, a copy of this Notice of Removal.

Dated: August 14, 2024                        Respectfully submitted,

                                              WEIL, GOTSHAL & MANGES LLP

                                              By:  /s/ David R. Singh
                                              DAVID R. SINGH (Bar No. 300840)
                                              david.singh@weil.com
                                              AMY TU QUYEN LE (Bar No. 341925)
                                              amy.le@weil.com
                                              WEIL, GOTSHAL & MANGES LLP
                                              201 Redwood Shores Parkway, 6th Floor
                                              Redwood Shores, CA 94065-1134
                                              Telephone: (650) 802-3000
                                              Facsimile: (650) 802-3100

---

[2] *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold . . . .").

DAVID L. YOHAI (*pro hac vice* forthcoming)
david.yohai@weil.com
BLAKE J. STEINBERG (*pro hac vice* forthcoming)
blake.steinberg@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendant GANNETT CO., INC.