IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN WU, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>GANNETT CO. INC.,<br><br>        Defendant. | Case No. 24-cv-05150-MMC<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE; VACATING HEARING; STAYING BRIEFING ON MOTION TO DISMISS FILED IN DEDDEH ACTION; SETTING BRIEFING SCHEDULE ON MOTIONS FOR APPOINTMENT AS INTERIM CLASS COUNSEL** |

        Before the Court is defendant Gannett Co. Inc.'s ("Gannett") Motion, filed February 7, 2025, to Consolidate Cases, whereby defendant seeks an order consolidating the instant action, specifically, Wu v. Gannett Co., Inc., Case No. 24-cv-05150-MMC ("Wu Action"), with Deddeh v. Gannett Co., Inc., Case No. 24-cv-08742-MMC ("Deddeh Action").  Ryan Wu and Saber Khamooshi, plaintiffs in the Wu Action, have filed a Statement of Non-Opposition, as has John Deddeh ("Deddeh"), plaintiff in the Deddeh Action.  Gannett has filed a "Response," replying to the Statement of Non-Opposition filed by Deddeh.[1]  Having read and considered the parties' respective written submissions, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for March 21, 2025, and rules as follows.

        Good cause appearing, the motion to consolidate the Wu Action and the Deddeh Action is hereby GRANTED, and all further filings shall be made in the lower-numbered

---

[1] Thereafter, Deddeh filed a "Reply," which is, in essence, a surreply.  As leave to file such document was not sought, much less provided, said filing is hereby STRICKEN.  See Civil L.R. 7-3(d) (providing, subject to exceptions inapplicable here, that after reply is filed, "no additional memoranda, papers or letters may be filed without prior Court approval").

action using the caption In re Gannett Co. Internet Tracking Litigation.

Additionally, to the extent Gannett requests a consolidated complaint be filed in the consolidated action, the request is hereby GRANTED, and, in light thereof, the Court hereby STAYS briefing on Gannett's motion to dismiss the First Amended Complaint in the Deddeh Action. To the extent Gannett requests the consolidated complaint not include any new allegations, however, the Court declines to impose such condition.[2]

The Court will not, at this time, set a deadline for the filing of the consolidated complaint. Rather, the Court will do so after it has appointed interim class counsel, who will then have the authority to determine which claims presently asserted in the two actions should be asserted in such consolidated pleading. See Fed. R. Civ. P. 23(g)(3) (providing "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action"). Further, any motion for appointment as interim class counsel shall be filed no later than March 28, 2025, and any response thereto shall be filed no later than April 11, 2025, as of which date, unless the parties are otherwise advised, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: March 5, 2025

MAXINE M. CHESNEY
United States District Judge

---

[2] For example, Gannett, in its pending motion to dismiss filed in the Deddeh Action, contends the operative complaint therein contains several pleading deficiencies. Assuming, arguendo, any pleading deficiencies exist in either of the above-referenced actions, such deficiencies can be addressed in the consolidated complaint.