IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: GANNETT CO. INTERNET TRACKING LITIGATION. | Case No. 24-cv-05150-MMC<br><br>**ORDER GRANTING MOTION TO APPOINT INTERIM CLASS COUNSEL; SETTING DEADLINE TO FILE CONSOLIDATED CLASS ACTION COMPLAINT** |

Before the Court is plaintiffs Ryan Wu, Saber Khamooshi, and John Deddeh's "Joint Motion to Appoint Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)(3)," filed March 28, 2025. No opposition or other response has been filed. Having read and considered the Joint Motion, the Court rules as follows.[1]

By the instant motion, plaintiffs seek an order appointing Eric A. Grover of Keller Grover LLP as interim class counsel.

Under Rule 23 of the Federal Rules of Civil Procedure, a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." See Fed. R. Civ. P. 23(g)(3). In determining whether to appoint such counsel, a court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." See Fed. R. Civ. P. 23(g)(1)(A). Additionally, a court

---

[1] By order filed March 5, 2025, the Court advised the parties that any motion to appoint interim counsel would be taken under submission as of April 11, 2025, unless the parties were otherwise advised.

1  "may consider any other matter pertinent to counsel's ability to fairly and adequately
2  represent the interests of the class." See Fed. R. Civ. P. 23(g)(1)(B).

3  Here, the Court finds a sufficient showing has been made that appointment of the
4  proposed interim class counsel is appropriate. (See Pls.' Mot. at 5:19-10:24.) In
5  particular, plaintiffs have shown that the proposed interim class counsel, along with other
6  attorneys in his firm, has "conducted substantial investigation of the factual allegations
7  and potential claims and remedies" and, in response to challenges raised by defendant,
8  has conducted "in-depth legal research" (see Grover Decl. ¶¶ 20-23), that he has many
9  years of experience representing plaintiffs in class actions, including pursuing other
10 putative class actions based on the "use of undisclosed website tracking software or
11 similar technology," which is the basis for the claims in the instant action (see id. ¶¶ 5-6,
12 9-11, 28, Ex. A), that he has knowledge of the applicable law, including the procedural
13 law applicable to federal class actions (see id. ¶¶ 7-8, Ex. A), and that his firm has the
14 resources necessary to pursue the instant consolidated action on behalf of the putative
15 class (see id. ¶¶ 31-32).

16 Accordingly, the Court hereby GRANTS plaintiffs' motion and appoints Eric. A.
17 Grover of Keller Grover LLP as interim class counsel. Interim class counsel shall have
18 the joint responsibility for, and authority over, the following matters:

19  a. The initiation, response, scheduling, briefing, and argument related to all
20 pleadings or motions;

21  b. The scope, order, and conduct of all discovery proceedings;

22  c. Communicating with the Court, defendant's counsel, and putative class
23 members;

24  d. Ensuring all work by plaintiffs' counsel in this case is in the best interest of the
25 plaintiffs and the proposed class and is based on the qualifications and expertise of the
26 persons assigned particular tasks or responsibilities, counsel's knowledge of the law,
27 facts and issues, efficiency, and cost effectiveness;

28  e. Directing, supervising and monitoring the activities of additional plaintiffs'

counsel, if any, and implementing procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are avoided;

    f.  Employing and consulting with experts;

    g. Conducting settlement discussions with defendant on behalf of plaintiffs and the proposed class to resolve this litigation as interim class counsel deem appropriate, subject to approval of the Court where required;

    h. Assessing litigation costs, as appropriate, and collecting such assessments;

    i.  Reviewing time, lodestar, and expense reports from any other plaintiffs' counsel in this case, as well as from paralegals and other staff members, at reasonable intervals;

    j.  Overseeing the conduct of the litigation so that it proceeds smoothly and efficiently, and performing such other duties as necessary or as authorized by further order of the Court.

Lastly, plaintiffs, through interim class counsel, are hereby DIRECTED to file, no later than May 12, 2025, a Consolidated Class Action Complaint.[2]

**IT IS SO ORDERED.**

Dated: April 21, 2025

MAXINE M. CHESNEY
United States District Judge

---

[2] By order filed March 5, 2025, the Court granted defendant's unopposed request that plaintiffs be required to file a consolidated complaint, but did not set a deadline, interim class counsel not having been appointed as of that date.