United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: USA TODAY CO., INC. INTERNET TRACKING LITIGATION | Case No. 24-cv-05150-MMC **ORDER GRANTING MOTION TO DISMISS; AFFORDING LEAVE TO AMEND** |

Before the Court is defendant USA Today Co., Inc.'s ("USA Today") Motion, filed June 25, 2025, to dismiss plaintiffs' First Consolidated Class Action Complaint ("FCC"). Plaintiffs Ryan Wu, Saber Khamooshi, and John Deddeh, individually and on behalf of a putative class, have filed opposition, to which defendants have replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, hereby rules as follows.[1]

## BACKGROUND[2]

USA Today "owns and publishes various brands that deliver journalism, compelling content, events, experiences and digital marketing business solutions." (See FCC ¶ 2.)[3] Its portfolio includes the website www.usatoday.com, "which provides

---

[1] By prior order, the Court took the matter under submission.

[2] The following facts are taken from the operative complaint, the First Consolidated Class Action Complaint, and, for purposes of the instant motion, are assumed to be true.

[3] The initial Complaint named Gannett Co., Inc., as the defendant to the action. By order filed March 18, 2026, the Court issued a stipulated order amending the caption to reflect defendant's recent name change to USA Today.

United States District Court
Northern District of California

breaking news and coverage of U.S. and national news." (See id. ¶ 3.)

Plaintiffs allege USA Today "has embedded and implemented several third-party trackers on the USA Today website." (See id. ¶ 61.) Third-party trackers "collect information about internet users as those users are browsing the web, including capturing IP addresses and other device information, such as device type [and] browser type." (See id. ¶ 38.) Plaintiffs allege USA Today never obtained their consent to install and use the trackers when they visited the company's website. (See id. ¶ 66.)

Based on the above allegations, plaintiffs assert the following five Causes of Action: (1) "Violation of the California Computer Data Access and Fraud Act (California Penal Code § 502)"; (2) "Unlawful Use of a Pen Register or Trap and Trace Device (California Penal Code § 638.51)";[4] (3) "Invasion of Privacy (Violation of Art. § 1, California Constitution)"; (4) "Unjust Enrichment (On Behalf of Plaintiffs and the Class)"; and (5) "Violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) (On Behalf of Plaintiffs and the Class)." (See id. ¶¶ 109-184.)

**DISCUSSION**

At the outset, USA Today contends the Court lacks jurisdiction to decide the matter. In particular, USA Today argues plaintiffs lack Article III standing.

"[T]he irreducible constitutional minimum of standing contains three elements," see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), namely: (1) an "injury in fact," constituting an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," (2) "causation," and (3) "a likelihood that a favorable decision will redress the plaintiff's alleged injury," see Lopez v. Candaele, 630 F.3d 775, 785 (9th Cir. 2010) (citing Lujan, 504 U.S. at 560-61). A concrete harm is one that has "a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." TransUnion LLC v.

---

[4] Penal Code § 638.51 is part of the California Invasion of Privacy Act ("CIPA"), Penal Code §§ 630-638.55.

2

United States District Court
Northern District of California

Ramirez, 594 U.S. 413, 424 (2021) (internal quotation and citation omitted).

**A. Invasion of Privacy**

Plaintiffs allege USA Today's "invasion of their privacy" constitutes a concrete and particularized injury sufficient to support Article III standing. (See FCC ¶ 32.) For purposes of a privacy claim, "a concrete injury arises only where the alleged harm involves personal information," see Khamooshi v. Politico LLC, 786 F. Supp. 3d 1174, 1180 (N.D. Cal. 2025), i.e., information the disclosure of which "would be highly offensive to a reasonable [person]," see Popa v. Microsoft Corp., 153 F.4th 784, 791 (9th Cir. 2025) (internal quotation, citation, and alteration omitted).

Here, plaintiffs' claimed injury centers on their allegation that the third-party trackers on USA today's website collect information, "including capturing IP addresses and other device information, such as device type [and] browser type." (See FCC ¶ 38; see also id. ¶¶ 63 (alleging "[e]ach tracker … collect[s] … [the] user's browser and device data … including IP addresses"); 68 (alleging "third-party tracker … is used to collect and share [the] user's browser and device data [and] IP address").)

According to plaintiffs, IP addresses "contain geographical location information from which the state, city, and zip code of a specific device can be determined." (See id. ¶ 53.) In the context of the Fourth Amendment, however, "[i]nternet users have no expectation of privacy in … IP addresses," see United States v. Forrester, 512 F.3d 500, 510 (9th Cir. 2008), and, because "there is no legally protected privacy interest in IP addresses," see Heeger v. Facebook, Inc., 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020), there is no Article III injury based thereon, see id.; see also Mitchener v. CuriosityStream, Inc, 2025 WL 2272413, at *4 (N.D. Cal. Aug. 6, 2025) (dismissing CIPA claim; holding "it is well-established in the Ninth Circuit that there is no legally protected privacy interest in IP addresses" (internal quotation and citation omitted)). Similarly, it is well-established that there is no legally protected privacy interest in information such as device type and browser type. See Popa,153 F.4th at 786, 791 (affirming dismissal of privacy claim predicated on, inter alia, device type and browser type; finding plaintiff failed to show how

tracking of such information "is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law").

Although plaintiffs contend the "full scope of alleged disclosure," i.e., their Article III injury, "goes far beyond" the above-discussed disclosures, namely, by their allegation of "unique and persistent identifiers" (see Opp. at 10:11-15 (citing FCC ¶¶ 38, 61-84)), "[t]o sufficiently allege an injury in fact," a plaintiff "must identify the specific personal information [he/she] disclosed that implicates a protectable privacy interest." See Mitchener, 2025 WL 2272413, at *3 (internal quotation and citation omitted). Here, plaintiffs do not elaborate as to any such "unique and persistent identifiers" beyond their allegations as to disclosures that are either unprotected (see e.g., FCC ¶ 67 (alleging tracker "collects IP addresses" and "location, time, browser type, [and] connection type")), or lack adequate specificity (see e.g., id. (alleging tracker "assists advertisers with targeting … audience segments, and more"); ¶ 72 (alleging tracker collects "user's browsing behavior, … other identifying information," and "browsing preferences")).

Accordingly, plaintiffs fail to plead a cognizable injury predicated on the above-alleged collection and disclosure of information.

**B. Economic Harm**

Plaintiffs next contend they allege "economic harm sufficient for Article III standing," namely, the financial value of "user data" (see id. ¶ 34) by which USA Today allegedly has been "unjustly enrich[ed]" (see id. ¶ 170). "California law recognizes a legal interest in unjustly earned profits." See In re Facebook, Inc. Internet Tracking Litig., 956 F.3d 589, 600 (9th Cir. 2020). As discussed above, however, plaintiffs fail to adequately allege collection by USA Today of information in which plaintiffs had a legally protected privacy interest and, consequently, fail to allege any profit earned therefrom was unjust.

Accordingly, plaintiffs fail to plead a cognizable injury predicated on alleged economic harm.

**C. Statutory Violation**

Lastly, plaintiffs argue a violation of their statutory privacy rights under CIPA, as

United States District Court
Northern District of California

4

set forth in their Second Cause of Action, "constitute[s] an injury-in-fact" sufficient to support Article III standing. (See Opp. at 12:9-11.) As the Ninth Circuit has made clear, however, a plaintiff, for purposes of alleging "a concrete injury," is required to "demonstrate more than just a statutory violation." See Popa, 153 F.4th at 793-94 (holding "courts should assess whether 'plaintiffs have identified a close historical or common-law analogue for their asserted injury'" (quoting TransUnion LLC, 594 U.S. at 424)).

Accordingly, plaintiffs fail to plead a cognizable injury predicated on a statutory violation of CIPA.

### CONCLUSION

For the reasons stated above, plaintiffs have failed to plead an injury sufficient to support Article III standing. Accordingly, plaintiffs' FCC is hereby DISMISSED for lack of subject matter jurisdiction, and plaintiffs are hereby afforded leave to amend to cure the above-noted deficiencies. Any such amended complaint shall be filed no later than April 28, 2026. If plaintiffs fail to amend, the above-titled action will be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: April 6, 2026

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

5